By the Court,

Co wen, J.
It is certainly impossible for me, on the case stated, to see expressly that this injunction was properly issued; but it is not my duty to enquire whether it was or not. I am not prepared to deny that, under circumstances, it might have been properly issued; but if I were, it is enough to know that Judge Conkling has power to issue and enforce the process of injunction like any other chancellor. If it has improvidently issued, I am bound to suppose that he will set it *583 aside on motion. He having jurisdiction, it is the same thing to me as if it had issued from the court of chancery of this state. Before I should be warranted in compelling a ministerial officer to disregard it, I must be satisfied, in the strong language of counsel, that the ordering of the writ was a mere act of usurpation5 in other words, that Judge Conkling wanted jurisdiction over the subject matter 3 for it is not made a question that he has it over the process and over every person residing in his district. The injunction recites that the proceeding before Judge Lawrence is contrary to equity 3 and if it did not, I am bound to presume in favor of a court having jurisdiction over matters of equity, that the judge has considered and acted on such a matter.
I am therefore called upon to order the doing of an act by Judge Lawrence which would be in direct violation of a valid injunction, and subject him to punishment accordingly. It is true that courts of law do not hold themselves restrained by injunction from proceeding 5(a) nor should any officer be thus restrained while acting as a judge. But no court ought to compel either parties or ministerial officers to put themselves in positive conflict with the order or writ of another court. (Burt v. Mapes, 1 Hill, 649, 651.)
It is said that the proceeding before Judge Lawrence was to convict of a crime and punish it 3 and that a court of equity has no jurisdiction over a criminal matter. It may be conceded that an injunction against an execution for a simple crime would be a nullity. But no one can doubt that the main object of the statute is the same as that of the old law in giving a ca. sa. It is to compel payment by means of property which a fi. fa. cannot reach. The great point is the civil remedy. (10 Wend. 6113 Berthelon v. Betts, ante, p. 577.)
Beside, the mandamus is a prerogative writ which we have power to issue or withhold according to- our discretion 3 and, *584 independently of other questions, it would be very indiscreet to place the judge between two fires, as we should do by granting this motion.
Motion denied.

 See Kelly v. Cowing, (ante, p. 366.)